## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| RAY LYNN PRUDHOMME | CIVIL ACTION NO. 07-0745 |
| VERSUS | SECTION   "P" |
| IOWA POLICE DEPARTMENT, ET AL | JUDGE MELANCON |
| | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the court is a civil action filed by *pro se* petitioner Ray Lynn Prudhomme *in forma pauperis* on April 23, 2007.  Plaintiff is apparently a pre-trial detainee[1] presently housed at Calcasieu Correctional Center in Lake Charles, Louisiana.  Prudhomme names as defendants the Iowa Police Department (IPD), IPD Shift Supervisor Jason Racca, the Lake Charles Public Defender's Office and its director Ron Ware.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff's claims center around his allegation that the warrant under which he was

---

[1] Published jurisprudence as well as a prior civil rights complaint filed in this court by plaintiff show that in 1987, he was convicted of distribution of cocaine in the 14th JDC, Parish of Calcasieu. *See State of Louisiana v. Prudhomme*, 535 So. 2d 439 (1989); *State of  Louisiana v. Prudhomme*, 536 So.2d 1207 (La.App 3 Cir. 1988); 2:06cv704, *Prudhomme v. 14th District Courts*.  He was sentenced to a total of 10 years incarceration.  Plaintiff apparently received another seven year jail sentence in 1996 for distribution of cocaine.  It appears that plaintiff had been released from custody at the time of his 2007 arrest which forms the basis of his claims in the present matter.

arrested states the name Billy Prudhomme rather than Ray Lynn Prudhomme.  He claims that this is the second time that he has been arrested "based on this mistaken identity." [Doc. 1-1, p.4].  Plaintiff alleges that he contacted the Public Defender's Office several times to notify them of the mistake but to no avail.  By this action, Prudhomme seeks termination of the pending criminal charges and release from custody.  [Doc. 1-1, p.5].

## LAW AND ANALYSIS

1. *Habeas Corpus* and Exhaustion of State Court Remedies

Prudhomme has filed his complaint using this court's standardized form for actions filed pursuant to 42 U.S.C. § 1983.  However, he does not seek monetary damages or other forms of relief available under that statute, but rather plaintiff seeks termination of his pending criminal prosecution and  release from custody.  Accordingly, since success in this action would result in a speedier, if not immediate release from custody, the action is appropriately characterized as a petition for writ of *habeas corpus*.  *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). *See also Calderon v. Ashmus*, 118 S.Ct. 1694 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); *see also Preiser v. Rodriguez*,

2

411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*").[2]

More specifically, Prudhomme is a pre-trial detainee who is raising claims which challenge the validity of the criminal proceedings currently pending against him in the Louisiana state courts.  Petitioner seeks release from custody and dismissal of the pending charges.  Thus, this petition is properly construed as seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241, which applies to  persons in custody awaiting trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir.1997), *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. § 2254 is well established.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).  A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies.  *Rose*, 455

---

[2] Although petitioner filed this action on a standard form for filing § 1983 claims, the remedy which he seeks is release from custody. Should petitioner seek monetary damages available under § 1983 for false arrest, false imprisonment or malicious prosecution in the future, he is hereby advised that the one year limitation period for filing such an action begins to run from the date of his appearance before a judge or magistrate and was bound over for trial. Petitioner should not rely on any tolling of the limitation proceeding. *See Wallace v. Kato*, -- U.S. --, 127 S.Ct. 1091 (2007).

U.S. 509; *Minor,* 697 F.2d 697.  The exhaustion requirement is a judicial abstention

policy developed "to protect the state courts' opportunity to confront and resolve initially

any constitutional issues arising within their jurisdictions as well as to limit federal

interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225;  *Picard v.*

*Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir.

1997).

       In order to satisfy the exhaustion requirement, the petitioner must have provided

all state courts that could review the matter with a fair opportunity to review all of his

*habeas corpus* claims before a federal court will review those claims.  The mere fact that

the petitioner's case has been through the state courts is not enough.  The petitioner must

have presented to the state courts the exact same issues he urges upon the federal court.

*Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.  The claims

must be presented to the state's highest court,  even when review by that court is

discretionary.  *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998), *citing*, *Richardson v.*

*Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838,

845, 119 S.Ct. 1728 (1999).  In Louisiana, the highest court is the Louisiana Supreme

Court.  Additionally, for a claim to be fairly presented the federal *habeas* petitioner must

have presented his state court claims to the highest state court in a procedurally proper

manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988) (*per curiam*).  Only by raising

his claims at each level of the state courts in a procedurally proper manner, are the state

courts given "a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)).

With regard to *habeas* petitions filed under 28 U.S.C. § 2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting claims in federal court.  However,  like persons seeking relief under  § 2254, the jurisprudence requires that persons seeking relief pursuant to § 2241 first exhaust state court remedies before seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings.  *Dickerson,* 816 F.2d at 225, *citing Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28.  These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden,*410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of *habeas corpus* under the criminal jurisdiction of the appropriate district court. *Madison v. Ward*, 00- 2842 (La. App. 1st Cir.7/3/02), 825 So.2d 1245, 1254 (en banc). The district court's denial of such a claim is not appealable; however, it is reviewable by the appropriate court of appeal by supervisory

writ. LSA-C.Cr.P. art. 369; *Madison*, 825 So.2d at 1250; *Bernard v. Louisiana Dept. of Public Safety and Corrections*, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state *habeas* petitioner must seek further review in the Louisiana Supreme Court.

In this case, it is clear from the record and the published jurisprudence of the State of Louisiana that petitioner failed to exhaust state court remedies before proceeding herein.  He has not fairly presented his federal *habeas* claims to all levels of the Louisiana state courts in a procedurally proper manner.  In the event that the record or the *habeas corpus* petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the action *sua sponte.  Resendez v. McKaskle*, 722 F.2d 227, 231 (5th Cir. 1984).   That is the case herein. Accordingly,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available state court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten**

**(10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Lafayette, Louisiana this 22nd day of August, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE